IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert William Wazney, | ) | Case No.: 6:21-cv-04063-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| James C. Campbell, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Robert William Wazney ("Wazney" or "Plaintiff"), a state prisoner proceeding *pro se*, brought this action on December 16, 2021, against James C. Campbell ("Campbell" or "Defendant") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights for refusing to file his post-conviction relief ("PCR") action in Lee County. (DE 1.)

Plaintiff's complaint was entered on the docket on December 16, 2021. (DE 1.) By Order dated January 4, 2022, Plaintiff was given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process, including a complaint form, paperwork required to effect service of process, and documents regarding payment of the filing fee. (DE 4.) Plaintiff was warned that failure to provide the necessary

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

information and paperwork within the timetable set in the Order may subject the case to dismissal. The Order also instructed Plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the court may lead to dismissal of the case (Id.) Plaintiff's only response to the Order was to mail back all of the blank documents to the Court along with a copy of a letter sent to several individuals that did not relate to the proper form documents. (DE 6, 7.)

The Magistrate then issued a second Order on January 27, 2022, providing the Plaintiff with an additional opportunity to bring his case into proper form. (DE 9.) Plaintiff was again informed that his failure to bring the case into proper form could subject his case to dismissal for failure to prosecute and failure to comply with an order of the Court. The Order also reminded Plaintiff to notify the clerk in writing of any change of address and warned that failure to keep his address updated with the court may lead to dismissal of the case. The Plaintiff submitted two letters in response to the second Order, along with the blank proper form documents for a second time, asserting both that he cannot read the documents and that he has "demonstrated" that the Defendant has violated his rights. (DE 11, 12.) As such, despite the opportunities outlined above, Plaintiff has failed to bring his case into proper form.

The Report and Recommendation was issued on February 18, 2022, recommending that this action be dismissed as frivolous and for Plaintiff's failure to bring his case into proper form. (DE 15.)

Plaintiff filed no objections to the Report and Recommendation.[2] In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The

---

[2] Plaintiff filed an affidavit (DE 18) and two letters (DE 20, 21), although none of these documents substantively respond to the Report and Recommendation.

Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is summarily dismissed without prejudice and without issuance of service of process, and this action is designated as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

April 1, 2022
Greenville, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.